UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　Plaintiff,<br>　v.<br>WILLIAM NUNEZ,<br>aka "Ismael Nunez"<br>aka "Ismael Fragozo"<br>aka "Ismael Nunez Fragozo"<br>aka "Bryan Nunez",<br>　　　　　　　　Defendant. | Case No. 3:23-cr-00003-HDM-CSD<br>　　　　　3:25-cv-00354-HDM<br><br>ORDER |

Before the court is defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 48). The government has responded (ECF No. 50), and defendant has replied (ECF No. 51).

The defendant freely and voluntarily entered into a binding plea agreement (ECF No. 37) in which he knowingly and expressly waived all challenges, including any claim under 28 U.S.C. § 2255 to his conviction and sentence except non-waivable claims of ineffective assistance of counsel. The defendant is bound by this waiver.

Here, the defendant's counsel secured a binding plea agreement for 120 months on Count One of the Indictment that was 90 months below the minimum of the sentencing guidelines range of 210 to 262 months. The plea resulted in a 6-level downward variance. This was a favorable result for the defendant considering the fact he was found in possession of over 11 pounds

1

of actual methamphetamine and 190 grams of cocaine and a semi-automatic pistol in a hotel room that he occupied and out of which he exited to sell cocaine to an undercover agent. The defendant also acknowledged he knew the location of the firearm in his hotel room.

At the time of his plea, the defendant stated he entered his plea freely and voluntarily and that he had not been compelled by this attorney to enter into the plea. The defendant has provided no credible evidence to show that his counsel's representation was objectively deficient or that a competent attorney would have led to a different outcome. *Strickland v. Washington*, 466 U.S. 668 (1984).

In accordance with the foregoing, IT IS THEREFORE ORDERED that the defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 48) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter final judgment and close this case.

IT IS SO ORDERED.

DATED: this 30th day of September, 2025.

*[signature: Howard D. McKibben]*

UNITED STATES DISTRICT JUDGE